IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1999 SESSION

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9812-CR-00372 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Arthur T. Bennett, Judge |
| | ) | |
| DARREN E. MATTHEWS, | ) | (Habitual Motor Vehicle Offender) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

A. C. Wharton
Public Defender
Criminal Justice Complex
201 Poplar Avenue
Memphis, TN 38103
(AT TRIAL)


Walker Gwinn
Assistant Public Defender
201 Poplar Avenue, 2nd Floor
Memphis, TN 38103
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
J. Ross Dyer
Assistant Attorney General of Tennessee
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
        and
Lee Coffee
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Darren E. Matthews, appeals as of right from the Shelby County Criminal Court's denial of alternative sentencing for his conviction for violating the Habitual Motor Vehicle Offenders (HMVO) Act, a Class E felony. The defendant pled guilty pursuant to an agreement and received a sentence of one year as a Range I, standard offender in the Shelby County Correctional Center with the issue of alternative sentencing reserved for judicial determination. The defendant asserts on appeal that the trial court erred in denying him a community corrections sentence. We affirm the trial court.

The defendant was declared a habitual motor vehicle offender in June 1994. In August 1997, the defendant was stopped for speeding and arrested for violating the HMVO order prohibiting him from driving. At the sentencing hearing, the defendant testified that he had been driving to and from work at the time of his arrest. He stated, however, that he was no longer driving and was getting to work by riding with co-workers or taking the bus. He acknowledged five or six previous convictions for driving while his license was suspended or revoked. He promised to abide by the court order in the future. He also said he was paying child support for his two daughters.

The trial court denied alternative sentencing, stating that the defendant's continued driving in defiance of the order indicated that the previous cases did not get the defendant's attention. It also found that the defendant's demeanor while testifying indicated that the defendant was not taking the matter seriously.

The defendant contends that he should be placed in the community corrections program in order to keep his employment and to continue timely child

2

support payments.  He also asserts that the program is his best opportunity for rehabilitation and his "best chance" either to obtain a driver's license or to adapt to earning a livelihood without driving.  He argues that confinement is not the least severe measure to achieve the purpose for which the sentence was imposed.  <u>See</u> Tenn. Code Ann. § 40-35-103(4).

As a Range I, standard, Class E felon, the defendant is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.  <u>See</u> Tenn. Code Ann. § 40-35-102(6).  However, the record reflects that the defendant continually disregarded both the driver's licensing laws and the ultimate court order barring him from driving.  Also, the trial court found that the defendant showed a poor attitude at the sentencing hearing.  Obviously, one of the main purposes of confinement is for the defendant to appreciate the seriousness of his repeated violation of the driving law.  In this respect, the record supports a conclusion that the statutory presumption has been overcome.  The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
John Everett Williams, Judge